IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MERLE SCHILLING,

    Plaintiff,

v.

NAPLETON'S ELLWOOD CITY
CHRYSLER, DODGE, JEEP RAM,

    Defendant.

15cv0145
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Partial Summary Judgment. Doc. no. 35. Defendant argues that Plaintiff's Age Discrimination in Employment Act claim ("ADEA claim"), set forth in Count II, misidentified as Count "I" by Defendant, of the Amended Complaint and portions of Plaintiff's Pennsylvania Human Relations Act claim ("PHRA claim"), (Count III of the Amended Complaint) should be dismissed. Defendant contends that there are no material facts in dispute supported by sufficient evidence, which could establish Plaintiff's age discrimination claims under either the ADEA or PHRA. See doc. no. 36.

Plaintiff disagrees, and argues that he has adduced sufficient evidence to create an issue material fact, such that a reasonable jury could find that Plaintiff's age was a substantial factor in Plaintiff's termination from his employment. See doc. no. 56.

For the reasons that follow, the Court will deny Defendant's Motion for Partial Summary Judgment.

## I. BACKGROUND

Because the Court writes for the benefit of the Parties, only the facts relevant to deciding the Motion for Partial Summary Judgment will be discussed herein.

Plaintiff's Amended Complaint (doc. no. 21) set forth three separate claims: Count I – violation of the American's with Disabilities Act; Count II – violation of the Age Discrimination in Employment Act; and Count III – violation of Pennsylvania Human Relations Act. Defendant has moved this Court to dismiss Count II and portions of Count III as they relate to Plaintiff's age discrimination claims.

In support of his age discrimination claims and in opposition to Defendant's Motion for Partial Summary Judgment, Plaintiff proffers three key pieces of evidence. The first is a statement against interest allegedly made by the Defendant's General Manager, Plaintiff's immediate superior, whereby he allegedly stated that he wanted to take the business in a new direction with someone younger in Plaintiff's position. The second is Plaintiff's testimony that he saw a wage verification form, and next to his name on that form, a manager had written "old with medical problems." The third is testimony indicating that Defendant's General Manager referred to Plaintiff as an old curmudgeon in front of Plaintiff's co-workers.

Although there is no dispute that Plaintiff was terminated from his job and that he was replaced by a younger person, Defendant contends that Plaintiff – whom Defendant hired at the age of 62, and terminated at the age of 63 – was terminated primarily for poor work ethic and job performance, as well as unprofessionalism. Defendant proffers documentary proof of Plaintiff's alleged poor job performance and testimonial evidence of Plaintiff's alleged poor work ethic and unprofessionalism.

## II. STANDARD OF REVIEW

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.*, depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004), quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001), quoting *Celotex*, 477 U.S. 317, 325 (1986).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the Court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007), citing *Anderson*, 477 U.S. at 255.

## III. DISUCSSION

Specifically, in an employment case such as the one presently before this Court, the standard of review is as follows:

> The Supreme Court has established a burden-shifting framework for claims under Title VII, including ADEA claims. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The plaintiff must first establish a *prima facie* case. *Id*. Then, if the plaintiff is successful in making out a *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for his action. *Id*. Finally, "should the defendant carry this burden, the plaintiff then must have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Tex. Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 760 n. 3 (3d Cir. 2004); *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999).

*Caufield v. Ctr. Area Sch. Dist.*, 133 F. App'x. 4, 9 (3d Cir. 2005) (footnotes omitted).

To establish a *prima facie* case for unlawful discharge based on age discrimination under the ADEA, a plaintiff must establish that he or she:

>(1) was a member of a protected class (*i.e.* he or she was forty years of age or older);

>(2) was qualified for the position at issue;

>(3) suffered an adverse employment action; and

>(4) was replaced by a sufficiently younger person, raising an inference of age discrimination.

*Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 249 (3d Cir. 2002), citing *Showalter v. University of Pittsburgh Med. Ctr.*, 190 F.3d 231, 234 (3d Cir. 1999).

Turing to the instant case, for purposes of adjudicating the instant Motion, there is no question here that Plaintiff: (1) was a member of a protected class, aged 40 years old or older; (2) that he suffered an adverse employment action when he was fired; and (3) that he was replaced by a younger person. For purposes of adjudicating this Motion for Partial Summary Judgment, it does not appear as though Defendant harbors any doubt as to whether Plaintiff was "qualified" for the position. Thus, Plaintiff has met the *prima facie* requirements of establishing his ADEA claim.

Because Plaintiff appears to have established a *prima facie* case for age discrimination, the burden now shifts to Defendant to articulate some legitimate, nondiscriminatory reason for terminating Plaintiff. To this end, Defendant claims Plaintiff's alleged underperformance and unprofessionalism comprise the two main reasons why he was fired. Defendant has provided the Court with testimony and documentary evidence which support its assertions in this regard.

Because Defendant has established, again solely for the purposes of deciding this Motion for Partial Summary Judgment, there could have been legitimate reasons for Plaintiff's discharge

from employment, the burden shifts back to Plaintiff to prove that Defendant's assertions are simply pretext(s) for discrimination. Plaintiff must provide evidence from which the jury could reasonably infer, by a preponderance of evidence, that Defendant's claim that he was underperforming and acted in an unprofessional manner are mere pretext. He may do this through direct or circumstantial evidence of falsity or discrimination. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3d Cir. 1995).

To meet this burden, Plaintiff points to the comments made by his superior, Defendant's General Manager, concerning his desire to have a younger presence at the dealership. Plaintiff also has adduced evidence relating to a wage verification form which contained a handwritten note (next to Plaintiff's name on the form) which referenced the fact that Plaintiff was old and had medical problems. Lastly, Plaintiff also points to at least one other comment made by the General Manager in front of Plaintiff's co-workers referring to Plaintiff's age in a derogatory fashion.

Thus, the Court finds that key, material evidence is disputed. On the one hand, a jury could choose to believe Plaintiff, and find that based on the (alleged) statements made by the General Manger and the handwritten note, Plaintiff was fired because he was older and the Defendant did not want to retain his services any longer primarily due to his age. Conversely, a jury could choose to believe that the Defendant fired Plaintiff due to his (alleged) poor performance, poor work ethic, and unprofessionalism.

## IV. CONCLUSION

Accordingly, because evidence exists which creates a genuine issue of material fact, this Court finds that Defendant is not entitled to judgment as a matter of law, and will deny its Motion for Partial Summary Judgment.[1]

                                                         s/ Arthur J. Schwab
                                                         Arthur J. Schwab
                                                         United States District Court Judge

## ORDER OF COURT

AND NOW, this 23rd day of October, 2015, the Court hereby **DENIES** Defendant's motion for Partial Summary Judgment. Doc. no. 35.

                                                         s/ Arthur J. Schwab
                                                        Arthur J. Schwab
                                                         United States District Court Judge

---

[1] The PHRA is generally applied in accordance with Title VII. *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542 (3d. Cir. 1996). Thus, Pennsylvania courts may look to Title VII precedents when interpreting the Pennsylvania statute. *Kryeski v. Schott Glass Technologies*, 626 A.2d 595, 598 (Pa. Super. 1993), *appeal denied*, 639 A.2d 29 (Pa. 1994). Accordingly, this Court's denial of Defendant's Motion for Partial Summary Judgment relates to Defendant's request with respect to Plaintiff's ADEA and PHRA claims.