IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MERLE SCHILLING,

    Plaintiff,                        15cv0145
                                             **ELECTRONICALLY FILED**

        v.

NAPLETON'S ELLWOOD CITY
CHRYSLER, DODGE, JEEP RAM,

    Defendant.

# MEMORANDUM OPINION AND ORDER
# ON MOTIONS *IN LIMINE*

      Presently before the Court are the following six Motions *in Limine:*

1. Plaintiff's Motion *in Limine* to Exclude Evidence of Plaintiff's Receipt of Unemployment Benefits. Doc. no. 44.

2. Plaintiff's Motion *in Limine* to Exclude Evidence of His Replacement's Work Performance. Doc. no. 46.

3. Defendant's Motion *in Limine* to Exclude the Introduction of Testimony and Evidence Regarding Plaintiff's Age Discrimination Claims and Disability Discrimination Claims. Doc. no. 48.

4. Defendant's Motion *in Limine* to Exclude the Introduction of Testimony and Evidence Regarding Harassment Plaintiff and Other Employees Allegedly Experienced at Napleton's. Doc. no. 50.

5. Defendant's Motion *in Limine* to Exclude the Introduction of Testimony and Evidence Regarding Allen Mottshaw's Criminal History. Doc. no. 52.

6. Defendant's Motion *in Limine* to Exclude the Introduction of Testimony and Evidence from an Unrelated Case. Doc. no. 54.

      Each Motion will be addressed, seriatim.

## I. Background

Plaintiff's Amended Complaint (doc. no. 21) set forth three separate claims: Count I – violation of the Americans with Disabilities Act; Count II – violation of the Age Discrimination in Employment Act; and Count III – violation of the Pennsylvania Human Relations Act. Defendant moved this Court to dismiss Count II and portions of Count III as they relate to Plaintiff's age discrimination claims, but the Court denied this Motion. See doc. no. 67. Thus, all three claims raised by Plaintiff are to be adjudicated before a jury.

## II. Motions *in Limine*

### A. Plaintiff's Motions

#### 1. Plaintiff's Motion *in Limine* to Exclude Evidence of Plaintiff's Receipt of Unemployment Benefits – Doc. no. 44

Plaintiff argues that Defendant may not offer evidence of Plaintiff's receipt of unemployment compensation benefits which he received from the Commonwealth of Pennsylvania following his termination from employment with Defendant. Plaintiff contends that Defendant will want to proffer this evidence to reduce any back pay award the jury may assign to Plaintiff. In support of his position, Plaintiff relies upon cases adjudicated by the Court of Appeals for the Third Circuit.

Defendant disagrees with Plaintiff's position, arguing that Pennsylvania's unemployment compensation fund has a right to recoup to benefits it has paid out to anyone who recovers a back pay award. In addition, Defendant also argues that Plaintiff cannot present evidence on other collateral sources of income he obtained after his termination, but preclude the introduction of evidence concerning unemployment benefits he received during that same time frame.

Defendant relies upon Pennsylvania statutory law and federal case law in support of these arguments.

The Court generally agrees with Plaintiff, noting that in *Craig v. Y & Y Snacks, Inc.,* the United States Court of Appeals for the Third Circuit held:

> Unemployment compensation most clearly resembles a collateral benefit which is ordinarily not deducted from a plaintiff's recovery. Under the collateral benefit rule, payment which a plaintiff receives for his or her loss from another source is not credited against the defendant's liability for all damages resulting from its wrongful or negligent act.

*Id.,* 721 F.2d 77, 83 (3d Cir. 1983). Subsequent to *Craig*, the Court of Appeals in *McDowell v. Avtex Fibers, Inc.*, held:

> Although *Craig* concerned a Title VII case, we can find no persuasive reason for reaching a different result simply because this case involves an ADEA violation rather than a Title VII violation. There is no legislative history or case law speaking to this precise issue. Instead, similarities between Title VII and the ADEA and this court's reasoning in *Craig* require a holding in this case that unemployment compensation benefits may not be deducted from an ADEA award.

*Id.*, 740 F.2d 214, 216 (3d Cir. 1984) cert. granted, *judgment vacated on other grounds*, 469 U.S. 1202 (1985).

Although Defendant is not incorrect in noting that Pennsylvania's unemployment compensation fund can reserve its rights to recoup benefits it has paid out, the Court of Appeals has explained that recoupment is somewhat limited. To this end, the Court has held Pennsylvania's unemployment compensation fund has a right to recoup benefits it has paid out to anyone who recovers a back pay award from the Commonwealth itself. See *Dillion v. Coles,* 746 F.2d 998 (3d Cir. 1984). In *Dillion,* the Court explained:

> The employer here is not a private company but the state itself and it paid the unemployment benefits. As *Craig* pointed out, a Pennsylvania statute provides for recoupment of those benefits by the state when back pay has been awarded. PA.STAT.ANN. tit. 43, § 874(b)(3) (Purdon Supp. 1982).

3

> That being so, the circumstances presented here establish an obligation by the state to satisfy the back pay award and a duty by plaintiff to repay the unemployment benefits from the award. It would be wasteful of public funds to require the state to institute the separate suit it is authorized to bring to recoup part of the back pay award. In short, the situation here is quite different from that in *Craig* and the facts argue for, rather than against, the unemployment benefit offset.

*Id.,* at 1007 (footnote omitted).

Because the Defendant here is not the Commonwealth, Plaintiff's Motion *in Limine* to Exclude Evidence of Plaintiff's Receipt of Unemployment Benefits will be granted and any evidence of Plaintiff's receipt of unemployment benefits will not be permitted.

### 2. Plaintiff's Motion *in Limine* to Exclude Evidence of His Replacement's Work Performance – Doc. no. 46

Plaintiff argues that Defendant may not offer evidence concerning Merle Mottshaw's job performance. Mr. Mottshaw was hired to perform Plaintiff's job after Plaintiff was terminated from his employment with Defendant. In support of this position, Plaintiff cites *Bruno v. W.B. Saunders Co.,* 1988 WL 117874, at *10-11 (E.D. Pa. Oct. 31, 1988).

Disagreeing with Plaintiff, Defendant contends that evidence of Mr. Mottshaw's performance post Plaintiff's termination is essential to proving that meeting a sales quota is an important part of the job. This Court disagrees with Defendant.

In *Bruno,* an age discrimination case, the District Court, declining to grant a new trial to Defendant, held as follows:

> Defendants have cited no authority for the proposition that a jury should examine the job performance of a person selected over a plaintiff in an age discrimination suit, after the allegedly discriminatory hiring; nor have they articulated any rationale for such a rule. I did permit defendants to offer testimony concerning Ms. Dietrich's job performance during the testing period. . . . To have permitted evidence of her post-hiring performance would have countenanced the admission of irrelevant evidence. It would have been tantamount to determining, in a criminal case, for example, that because the execution of the search warrant disclosed drugs, ergo there

4

> must have been probable cause for the issuance of the warrant. The test, of course, is what information did the magistrate [have] at the time he issued the warrant. Similarly, in the context of employment discrimination, the inquiry is limited to the empirical knowledge of the employer at the time he made the hiring decision. Hindsight bootstrapping is impermissible. I thus decline to grant a new trial on this ground.

*Id.*, at *10-11. Moreover, the Court of Appeals upheld this portion of the District Court's Opinion. See *Bruno v. W.B. Saunders Co.*, 882 F.2d 760, 768 n. 4 (3d Cir. 1989) ("Neither was there any reversible error in the district court's decision to exclude evidence of Dietrich's post-selection performance on the ground that it is irrelevant to Dietrich's qualifications to be selected for the . . . position.").

Based on the foregoing law, this Court concurs with Plaintiff that evidence concerning Mr. Mottshaw's job performance is not relevant to the matter before this Court, and as such, this Motion will be granted and this evidence will be excluded.

### B. Defendant's Motions

#### 1. Defendant's Motion *in Limine* to Exclude the Introduction of Testimony and Evidence Regarding Plaintiff's Age Discrimination Claims and Disability Discrimination Claims – Doc. no. 48

Defendant contends that Plaintiff may not recover for his age discrimination claim as set forth in Count II of the Amended Complaint and for his disability claim as set forth in Count I of the Amended Complaint.

The seminal case upon which both parties rely, is *Gross v. FBL Financial Services*, 557 U.S. 167 (2009). Defendant begins by stating that the Supreme Court in *Gross* held that to establish a claim under the ADEA, a plaintiff must prove that age was the "but-for" cause of the employer's employment action. *Gross* 557 U.S. at 175, 177. ("Our inquiry . . . must focus on the text of the ADEA to decide whether it authorizes a mixed-motives age discrimination claim.

It does not. . . . [T]he plaintiff retains the burden of persuasion to establish that age was the "but-for" cause of the employer's adverse action.")  This is a correct reading of the law of the case.

Defendant also correctly cited the Third Circuit's Model Jury Instructions wherein the instructions note, ". . . [Plaintiff] must prove [his/her] age was a determinative factor in [Defendant's] decision [describe action]."  Defendant argues that *Gross* and the Model Jury Instructions support its contention that Plaintiff must prove he was fired solely because of his age.

Although Defendant properly quoted from these legal sources, this Court agrees with Plaintiff's interpretation of them, not Defendant's.  This Court finds that the "sole" and the "but for" cause of something are very different.  So does the United States Court of Appeals for the Third Circuit.  In *Robinson v. City of Philadelphia*, the Court of Appeals specifically held, "[w]e do not require that age discrimination be the sole cause for an adverse employment decision to prevail on an age discrimination claim, see *Miller v. CIGNA Corp.*, 47 F.3d 586, 588 (3d Cir. 1995), and it is reversible error for a District Court to so rule." *Id.,* 491 Fed. App'x. 295, 299 (3d Cir. 2012).

Having concluded that Plaintiff need not prove his age was the sole cause of his termination in order to prevail on his age discrimination claim, this Court now turns to whether Plaintiff's age discrimination claim can be tried in conjunction with a disability claim.  Although there is no case law emanating from the Court of Appeals for the Third Circuit, at least one decision reached by a District Court within this Circuit analyzed this issue as follows:

> Defendants further argue that McDonald's ADEA claim should be dismissed because McDonald cannot demonstrate that her age was the "but-for" reason for her termination when she simultaneously states a claim for discrimination on the basis of disability. (Doc. 21 at 21).  The court disagrees.  In *Gross*, the Supreme Court held that a plaintiff who brings a disparate treatment claim under the ADEA must prove that age

6

> was the "but-for" cause of the adverse employment action. *Gross*, 557
> U.S. at 180. As the Third Circuit explained post-*Gross*, however, a
> plaintiff need not establish that age discrimination is the "sole cause" for
> an adverse employment action to state a claim under the ADEA.
> *Robinson v. City of Philadelphia*, 491 Fed. App'x. 295, 299 (3d Cir. 2012)
> (nonprecedential). McDonald must demonstrate that her age was a
> "determinative factor" in the adverse employment action.

*McDonald v. SEIU Healthcare Pennsylvania*, 2014 WL 4672493, at *11 (M.D. Pa. Sept. 18, 2014, Conner, C.J.).

Although the opinion quoted above was prepared by Chief Judge Conner in *McDonald* when deciding a Motion to Dismiss, the same rationale applies here. Because a "but-for" cause differs from a "sole" cause a plaintiff, such as the one in the present case, may bring both claims. However, as noted by Plaintiff, *Gross* and its progeny dictate that the burden of proof will shift on the ADA claim, but will remain solely upon Plaintiff on the ADEA claim. Accordingly, this Court will deny Defendant's Motion *in Limine* (doc. no. 48) and will permit Plaintiff to introduce testimony and evidence regarding his age as well as his discrimination claims.

### 2. Defendant's Motion *in Limine* to Exclude the Introduction of Testimony and Evidence Regarding Harassment Plaintiff and Other Employees Allegedly Experienced at Napleton's – Doc. no. 50

This Motion filed by Defendant seeks to exclude the testimony of individuals who, per Plaintiff, observed Defendant's manager, Mark Cattran, engage in demeaning behavior toward Plaintiff. Defendant contends that because Plaintiff's lawsuit does not assert a claim for harassment, the testimony of these individuals is not relevant to the trial in this matter.

Contrary to Defendant's position, Plaintiff contends that the testimony of these individuals will be offered to prove that Defendant's alleged basis for firing Plaintiff (*i.e.,* his alleged poor work ethic and/or alleged poor performance) are merely pretext for his firing. Both

Plaintiff and Defendant have provided this Court with their opinions as to what the individuals will actually say during the trial in this regard, and of course, their opinions differ.

Because Defendant's basis for excluding this evidence is predicated upon Federal Rule of Evidence, Rule 403, the Court finds that this evidence is more probative than prejudicial if it is offered to prove that Defendant's reasons for firing Plaintiff are mere pretext. However, if this testimony is used to prove harassment, then it would be excludable, because Plaintiff has not set forth a harassment claim in this case.

Accordingly, this Court will grant in part and deny in part this Motion *in Limine* in the following manner: The Motion will be denied insofar as Plaintiff's witnesses identified as Jodi Lynn Schilling, Susan Lloyd, and Pamela Humphrey will be permitted to testify as to the treatment they observed as the Court finds that this testimony may tend to prove Defendant's firing of Plaintiff for underperformance or poor work ethic was pretext; however, the Motion is granted insofar as Plaintiff will not be permitted to use this evidence to provide a basis for a harassment claim.

### 3. Defendant's Motion *in Limine* to Exclude the Introduction of Testimony and Evidence Regarding Allen Mottshaw's Criminal History – Doc. no. 52

Defendant has indicated that Allen Mottshaw, Plaintiff's replacement hired by Defendant following Plaintiff's discharge, was charged with, but not convicted of, disorderly conduct stemming from his attempt to withdraw funds from another person's bank account using an ATM card. Defendant relies upon Rule 609 of the Federal Rule of Evidence to move to exclude any evidence concerning Mr. Mottshaw's criminal background.

However, Plaintiff counters that he will not be offering evidence of Mr. Mottshaw's criminal background to impeach his character under Rule 609. Rather, Plaintiff claims he will proffer this evidence to illustrate Defendant's state of mind – specifically, Defendant's

motivation to fire Plaintiff and replace him with a younger person, namely, Mr. Mottshaw, despite Mr. Mottshaw's criminal charges. Plaintiff contends that Mr. Mottshaw, who is younger than Plaintiff, was hired by Defendant prior to the date of Plaintiff's termination. See doc. no. 73, p. 1. Per Plaintiff, Defendant conducted a background check on Mr. Mottshaw and knew about the criminal charge(s) pending against Mr. Mottshaw at the time of hire. See doc. no. 73, p. 2, 3. In short, Plaintiff argues that Defendant's willingness to hire Mr. Mottshaw, illustrates Defendant's lack of business judgment when it chose to hire Mr. Mottshaw for his youth, despite Mr. Mottshaw's pending criminal charges.

The Court begins by noting that Rule 609 reads as follows:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
>> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>>
>>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>>
>>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>>
>> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Turning to the instant case, Defendant admits that Mr. Mottshaw was charged with theft by unlawful taking, access with a counterfeit device, identity theft, unlawful taking, and disorderly conduct related to an ATM incident in November of 2012. Doc, no. 53, p. 2. Defendant notes that Mr. Mottshaw only pled guilty to disorderly conduct, and all the other

9

charges stemming from the ATM incident were dropped. Neither party contends that Mr. Mottshaw's disorderly conduct conviction led to a sentence of death or imprisonment for more than one year. Likewise, neither party claims that Mr. Mottshaw's crime required the State to prove – or Mr. Mottshaw to admit – that he committed a dishonest act or made a false statement. Thus, under Rule 609, this Court finds that Plaintiff cannot attack the character of Mr. Mottshaw using this evidence.

However, Plaintiff claims that he does not intend to use the aforementioned evidence to attack Mr. Mottshaw's character. Rather, Plaintiff argues that Mr. Mottshaw's criminal history is being proffered to show the state of mind of Defendant through its managers, Mr. Cattran and Mr. Grinnell, when they hired Mr. Mottshaw. Plaintiff claims that despite Defendant's criminal background check on Mr. Mottshaw which disclosed that Mr. Mottshaw had been charged with a financial crime, and despite the company policy to, at a minimum, avoid hiring individuals who are involved in financial crimes, Defendant hired Mr. Mottshaw simply because he was younger than Plaintiff.

Plaintiff relies upon case law, specifically *Fuentes v. Perskie,* 32 F.3d 759 (3d Cir. 1994), and *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326 (3d. Cir. 1995), to support his argument that the evidence related to Mr. Mottshaw's background is relevant and probative. Plaintiff further explains that because he bears the burden at trial to discredit Defendant's proffered reason for his termination, he cannot simply show that Defendant's termination decision was wrong or mistaken, because "the factual dispute at issue is whether a discriminatory animus motivated [Defendant], not whether [Defendant was] "'wise, shrewd, prudent, or competent.'" *Brewer,* 72 F.3d. at 331, *quoting Fuentes,* 32 F.3d at 765. Plaintiff claims that Defendant's decision to hire a younger person with a questionable criminal background

illustrates Defendant's willingness to abandon its policy of not hiring people with alleged criminal histories all for the sake of hiring an employee younger than the (then) 63-year old Plaintiff.

Federal Rule of Evidence 403 is implicated by Plaintiff's argument in this regard. The question becomes whether evidence concerning Mr. Mottshaw's criminal history is more probative than prejudicial. The Court finds this to be a very close call, but does find that the evidence is slightly more probative than prejudicial and will allow the evidence to be proffered to show Defendant's state of mind; but, the evidence will not be admitted to attack Mr. Mottshaw's character. Accordingly, Defendant's Motion will be granted in part and denied in part.

### 4. Defendant's Motion *in Limine* to Exclude the Introduction of Testimony and Evidence from an Unrelated Case – Doc. no. 54

The final Motion before the Court pertains to the exclusion of evidence from an alleged unrelated case, *Edward Bailes v. Napelton's Ellwood City, Chrysler, Dodge, Jeep, Ram,* (W.D. Pa. no. 2:15-cv-00172, J. Cercone). Like Plaintiff here, Mr. Bailes sued Defendant for age discrimination, and Defendant seeks to preclude Mr. Bailes from testifying as to his experience(s) with Defendant. Plaintiff contends that Mr. Bailes' testimony supports Plaintiff's contention that Plaintiff's termination was due to his age, and not his alleged poor performance and/or work ethic which Defendant advocates.

Defendant relies upon Rules 401, 403, and 404(b) of the Federal Rules of Evidence to exclude this testimony. Plaintiff counters that United States Supreme Court has allowed evidence of discrimination against similarly situated employees, finding that such evidence is not *per se* inadmissible under the Federal Rule of Evidence. *Sprint/United Mgmt. Co. v. Mendelsohn,* 552 U.S. 379, 388 (2008). Plaintiff also notes the Court of Appeals for the Third

Circuit, applying *Spirit,* held that whether discrimination of other employees is relevant turns on a how closely related the evidence is to the plaintiff's circumstances. *Mandel v. M&Q Packaging Corp.,* 706 F.3d 157, 167 (3d. Cir. 2013) ("First, so-called 'me too' evidence in an employment discrimination case is neither *per se* admissible nor *per se* inadmissible. . . . . Rather, the question of whether evidence of discrimination against other employees by other supervisors is relevant is fact based and depends on several factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.")(citations omitted). Further, Plaintiff contends that the Court of Appeals in *Fuentes v. Perskie*, specifically allowed such "me too" evidence to enable an employee to provide a jury with evidence that could prove that an "illegitimate factor more likely than not was a motivating or determinative cause of the adverse employment decision." *Id.,* 32 F.3d at 764-65 (3d Cir. 1994).

The Court begins its analysis by acknowledging the Supreme Court's ruling in *Sprint* which prohibits the "automatic" exclusion or inclusion of "other employee" evidence merely based on a Rules of Evidence argument raised by an opponent.

Next, as noted by the Court of Appeals in *Fuentes*, it is Plaintiff in this case who bears the burden of proving (by a preponderance of the evidence) that Defendant's proffered non-discriminatory reason was false (*i.e.,* pretextual) and age was the but-for cause of the adverse action. This evidence may be "direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes*, 32 F.3d at 763.

In *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, the Court of Appeals applied the *Fuentes* principals and explained them this way:

> . . . The plaintiff may show that the employer has previously discriminated against her, that the employer has discriminated against other persons within the plaintiff's protected class or within another protected class, or that the employer has treated more favorably similarly situated persons not within the protected class. *Fuentes*, 32 F.3d at 765.

*Id.*, 142 F.3d 639, 645 (3d Cir. 1998).

Plaintiff claims that Mr. Bailes was fired due to his age, sixteen days after Plaintiff was fired. He also claims that Mr. Bailes was terminated by the same person who fired Plaintiff. Finally, Plaintiff argues that the theories of the *Bailes* case and the instant matter are substantially similar. Doc. no. 68, p. 5. The Court finds that the "*Bailes* evidence" is clearly probative.

Defendant's brief does not establish how this evidence is more prejudicial than probative; in fact, Defendant's brief barely argues that the evidence is prejudicial. In its brief, Defendant argues that Mr. Bailes did not have a role in Plaintiff's termination nor any knowledge of the facts surrounding this case – although Plaintiff contends Mr. Bailes has first-hand knowledge concerning Plaintiff's disability. Defendant also argues that Mr. Bailes and Plaintiff held different positions, and that Mr. Bailes' dispute with Defendant is "entirely different." However, the Court's review of the *Bailes* Complaint indicates that Mr. Bailes was 51-years old at the time he was terminated from his position with Defendant as the Detail Shop Supervisor. Mr. Bailes alleges that he was replaced by a younger individual with less experience. Defendant admits that the *Bailes* lawsuit involves an ADEA claim brought by Mr. Bailes against Defendant for his termination.

This Court recognizes the prejudicial nature of the presentment of the *Bailes* evidence in this case. However, the Court finds that the probative value of this evidence ever so slightly outweighs the prejudicial nature of the evidence in this case. Accordingly, the Court will deny

Defendant's Motion *in Limine* in this regard, and will permit Plaintiff to introduce evidence concerning Mr. Bailes' alleged age discrimination.   Accordingly, this Motion will be denied.

                                                s/ Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Court Judge

# ORDER OF COURT

AND NOW, this 28th day of October 2015, after careful consideration of each of the Motions *in Limine*, the Briefs in support, and Responsive Briefs in opposition, the Court hereby enters the following Order:

1. Plaintiff's Motion *in Limine* to Exclude Evidence of Plaintiff's Receipt of Unemployment Benefits is **GRANTED**. Doc. no. 44.

2. Plaintiff's Motion *in Limine* to Exclude Evidence of His Replacement's Work Performance is **GRANTED**. Doc. no. 46.

3. Defendant's Motion *in Limine* to Exclude the Introduction of Testimony and Evidence Regarding Plaintiff's Age Discrimination Claims and Disability Discrimination Claims is **DENIED**. Doc. no. 48.

4. Defendant's Motion *in Limine* to Exclude the Introduction of Testimony and Evidence Regarding Harassment Plaintiff and Other Employees Allegedly Experienced at Napleton's is **GRANTED IN PART AND DENIED IN PART**. Doc. no. 50.

5. Defendant's Motion *in Limine* to Exclude the Introduction of Testimony and Evidence Regarding Allen Mottshaw's Criminal History **GRANTED IN PART AND DENIED IN PART**. Doc. no. 52.

6.  Defendant's Motion *in Limine* to Exclude the Introduction of Testimony and Evidence from an Unrelated Case is **DENIED**.  Doc. no. 54.

**SO ORDERED,**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge